NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOMSAK PHATTHARAWITTAKORN,
AKA Somsak Sae Lee,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   18-73244

Agency No. A096-027-632

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025**
San Francisco, California

Before:  NGUYEN and BRESS, Circuit Judges, and BENNETT,*** District Judge.

Somsak Phattharawittakorn ("Petitioner"), a native and citizen of Thailand,

petitions for review of the Board of Immigration Appeals' ("BIA") order affirming

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

the immigration judge's ("IJ") order denying Petitioner's application for withholding of removal and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a)(1).  We deny the petition.

1.      Petitioner contends he was persecuted on account of an imputed political opinion and membership in a particular social group ("PSG").  Substantial evidence supports the BIA's finding, however, that Petitioner did not establish a nexus between a protected ground and any harm he suffered or future harm he claims he will suffer.

Crimes motivated solely by financial gain do not have a nexus to a protected ground.  *See*, *e.g.*, *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019).

In this case, substantial evidence supports the agency's finding that Petitioner was not or will not be harmed because of any political opinion.  Although Petitioner checked the "political opinion" box on his application for withholding, Petitioner did not testify to any actual or imputed political opinion before the IJ.  Petitioner did not detail any political opinion in his application, and none of the documents Petitioner submitted to support his application detailed any persecution based on political opinion.  Because Petitioner did not present any evidence that the threats were motivated by an imputed political opinion, the

record supports the BIA's finding that political opinion was not a reason for any past or feared harm. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Substantial evidence also supports the agency's finding that Petitioner did not establish a nexus between any persecution and his PSG as a "family member[]" of his father who was "targeted by criminals in Thailand." The record does not support the conclusion that Petitioner's relation to his father is what motivated the threats because Petitioner's father and brother never received any threats. And when asked about his fear of future persecution, Petition testified he did not know why the people he feared would try to kill him. Instead, the record supports the conclusion that the threats to Petitioner were motivated solely by financial gain, which has no nexus to his PSG. *See, e.g., Zetino*, 622 F.3d at 1016; *Flores-Vega*, 932 F.3d at 887. The record does not compel the conclusion that Petitioner was or will be harmed because of his family. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (holding substantial evidence standard requires reversal when "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record").

2. Petitioner contends he is eligible for protection under CAT. Substantial evidence supports the BIA's finding, however, that Petitioner did not

establish he will more likely than not be tortured with the consent or acquiescence of a public official. *See id.*

Petitioner did not submit any evidence to establish those who threatened him are still looking for him. And even if they are, the record supports the agency's finding that such torture would not be by, at the instigation of, or with the consent or acquiescence of a public official. Petitioner does not know the people who were threatening him and did not allege they were public officials. Although the police did not help Petitioner when he reported the first letter, there is no evidence the police harmed or would allow harm to Petitioner. The police reasonably thought the letter was not credible, and the Petitioner never reported the incident at the hotel or the second letter to the police. Additionally, the village chief helped Petitioner in investigating the first anonymous letter.

**PETITION DENIED.**